UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCCLURE,<br><br>        Plaintiff,<br><br>       v.<br><br>STATE OF CALIFORNIA FRANCHISE TAX BOARD,<br><br>        Defendant. | Case No. 18-cv-05241-VC<br><br>**ORDER AFFIRMING DECISION OF BANKRUPTCY COURT** |

The California Franchise Tax Board is not barred from collecting McClure's tax debt as the claim was neither discharged nor waived during McClure's Chapter 13 bankruptcy proceedings. McClure's tax debt falls under section 523(a)(1)(B)(ii) of the Bankruptcy Code because the corresponding tax returns were filed late and less than two years before McClure filed for bankruptcy. Therefore, the debt is not dischargeable. *See* 11 U.S.C. §§ 523(a)(1)(B)(ii), 1328(a)(2).

McClure relies on two cases to support his contention that a bankruptcy plan can have preclusive effect even if it purports to – contrary to the bankruptcy code – discharge a non-dischargeable debt. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010); *In re Pardee*, 193 F.3d 1083 (9th Cir. 1999). For one, it's not clear that those cases, which pertain to student loan debt, would apply to non-dischargeable tax debts. *See Espinosa*, 559 U.S. at 273 n.10. Whereas section 523(a)(8) dictates that student loan debt is dischargeable if the debt would cause undue hardship, there are no exceptions to a qualifying tax debt's non-dischargeabililty. *See id.*; 11 U.S.C. § 523(a)(1). But even if they did, the Board didn't have sufficient notice that its rights were in jeopardy for the plan to have preclusive effect. *Cf. In re Enewally*, 368 F.3d

1165, 1173 (9th Cir. 2004). The plan contains only boilerplate language regarding "general unsecured claims," it doesn't specifically mention the Board's claim. *Compare* Dkt. No. 4-1, at 31, *with Espinosa*, 559 U.S. at 264; *In re Pardee*, 193 F.3d at 1085-86; *see also In re Reuland*, 591 B.R. 342, 350 (Bankr. N.D. Ill. 2018). What's more, the Bankruptcy Court's Order Confirming the Plan certified that the plan complied with Chapter 13 of the Bankruptcy Code, and the discharge order clarified that not all debts are discharged by the order, including "certain types of taxes specified in 11 U.S.C. [§ 523(a)(1)(B)] . . . ." Dkt. No. 4-1, at 39, 44. These assurances and disclaimers would reasonably have assured the Board that, pursuant to section 523(a)(1)(B)(ii), its claims would remain intact at the conclusion of McClure's bankruptcy process. *Cf. In re Reuland*, 591 B.R. at 351.

Therefore, the Bankruptcy Court's decision to grant summary judgment to the Board is affirmed.

**IT IS SO ORDERED.**

Dated: July 1, 2019

VINCE CHHABRIA
United States District Judge